## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LUCIA MARETT,

        Plaintiff,

             -against-

NATIONAL ASSOCIATION OF SOCIAL WORKERS,

        Defendant.

Case No.:

**Jury Trial Demanded**

Plaintiff, LUCIA MARETT (hereinafter "Plaintiff"), on behalf of her by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant, NATIONAL ASSOCIATION OF SOCIAL WORKERS (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

1.    This class action seeks to put an end to systemic civil rights violations committed by Defendant against the blind in the District of Columbia and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services.  Defendant provides to its non-disabled customers through www. socialworkers.org (hereinafter the "Website"). The Website provides to the public a wide array of the goods, services, and other opportunities offered by Defendant. Yet, the Website contains access barriers that make it difficult, if not impossible, for blind customers to use the Website. Defendant thus excludes the blind from the full and equal participation in the growing Internet economy that is a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently

access a variety of services, including browsing for affordable housing online.

2.      Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, the Website has many access barriers preventing blind people from independently navigating, using, and browsing affordable housing opportunities on the Website using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20/200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

6.      Many blind people enjoy using the Internet just as sighted people do. The lack of an accessible website means that blind people are excluded from the online affordable housing industry and from independently accessing the Website.

7.      Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links, and resizable text, and limits the usage of tables and JavaScript, Defendant has chosen to rely on a predominantly visual interface. Defendant's sighted customers can independently browse affordable housing opportunities without the assistance of others.

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

However, blind people must rely on sighted companions to assist them in browsing affordable housing opportunities on the Website.

8.      By failing to make the Website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9.      Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10.     Plaintiff attempted to browse affordable housing opportunities on the Website in February 2019. However, unless Defendant remedies the numerous access barriers on the Website, Plaintiff and Class members will continue to be unable to independently navigate, browse, and use the Website.

11.     This Complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal and state law, to include monitoring of such measures, and to update and remove accessibility barriers on the Website so that Plaintiff and the proposed Class and Subclass of customers who are blind will be able to independently and privately use the Website. This Complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C.

§ 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA").

13.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b)-(c)

and 1441(a). Defendant is subject to personal jurisdiction in the District of Columbia because

based on the principal place of business of Defendant. Defendant is registered to do business in

the District of Columbia and has been doing business in the District of Columbia. The business

location is owned by Defendant and is located in the District of Columbia. Defendant has been

and is committing the acts alleged herein in the District of Columbia, has been and is violating

the rights of consumers in the District of Columbia, and has been and is causing injury to

consumers in the District of Columbia.

## PARTIES

14.     Plaintiff is and has been at all times material hereto a resident of New York County,

New York.

15.     Plaintiff is legally blind and a member of a protected class under the ADA, 42

U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq.*

Plaintiff cannot use a computer without the assistance of screen reader software. Plaintiff intends

to move soon and browses for affordable housing online. In February 2019, Plaintiff attempted to

update her social work license on the Website, but could not do so due to the inaccessibility of the

Website. Plaintiff has been denied the full benefits of the facilities, goods, and services of the

Website, as a result of accessibility barriers on the Website. The inaccessibility of the Website has

deterred her from enjoying the goods and services of Defendant.

16.     Defendant is a domestic non-profit corporation organized under the laws of Washington DC. Its principal executive office is located at 750 First Street NE #800, Washington DC 20002.

17.     Defendant owns and operates Website (hereinafter the "Website. The Website provides to the public important goods and services, such as social work license, research materials, news, events. Among other things, the Website provides access to the array of goods and services offered to the public by Defendant. The inaccessibility of the Website has deterred Plaintiff from updating her social work license on the Website.

18.     Plaintiff, on behalf of herself, seeks full and equal access to the services provided by Defendant through the Website.

## FACTUAL ALLEGATIONS

19.     Defendant owns and operates the Website, which provides goods and services to millions of customers throughout the United States.

20.     The Website is a service and benefit offered by Defendant throughout the United States, including District of Columbia. The Website is owned, controlled, and/or operated by Defendant.

21.     Among the features offered by the Website are the following:

(a)     the ability to enhance the professional growth and development;

(b)     the ability to connect with colleagues and share social issues;

(c)     the NATIONAL ASSOCIATION OF SOCIAL WORKERS' contact information;

(d)     and other informative links and news regarding the NATIONAL ASSOCIATION OF SOCIAL WORKERS and its goods and services.

22.     This case arises out of Defendant's policy and practice of denying the blind access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, blind individuals have been and are being denied equal access to the NATIONAL ASSOCIATION OF SOCIAL WORKERS, as well as to the numerous goods, services, and benefits offered to the public through the Website.

23.     Defendant denies the blind access to goods, services, and information made available through the Website by preventing them from freely navigating the Website.

24.     The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

25.     The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products, and services contained therein.

26.     There are well established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative ("WAI"), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility, called the Web Content Accessibility Guidelines ("WCAG"). The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These

guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: ensuring that all functions can be performed using a keyboard and not just a mouse; adding alternative text to non-text content; and adding headings so that blind people can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader.

27.     The Website contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include but are not limited to: the denial of keyboard access to key functions; and the inability to skip repeated blocks of content.

28.     The Website contains essential functions required for shopping online that cannot be completed using a keyboard. According to WCAG 2.1 Guideline 2.1.1, for a website to be accessible, users must be able to interact with web pages and access all functions and capabilities of the website using only a keyboard. Plaintiff cannot use a computer mouse because moving a mouse pointer from one spot to another on a computer screen is a visual activity. However, the Website requires the use of a mouse to select essential content. Plaintiff browsed and attempted to update her social work certificate. When Plaintiff attempted to access the headings the Website the screen reader couldn't read the subheadings. Plaintiff was unable to access the content of the main page because the main page was not compatible with the screen reading software.

29.     The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of the NATIONAL ASSOCIATION OF SOCIAL WORKERS.

30.     Plaintiff attempted to browse and update her social work certificate on the Website in February 2019, but was unable to do so independently because of the many access barriers on the Website. These access barriers have caused the Website to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

31.     As described above, Plaintiff has actual knowledge of the fact that the Website contains access barriers causing it to be inaccessible, and not independently usable by, blind and visually impaired individuals.

32.     After Defendant removes the barriers on the Website to make it accessible to visually impaired users, Plaintiff intends to update her social work certificate on the Website.

33.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits, and services of the Website.

34.     Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    (a)    constructing and maintaining a website that is inaccessible to the blind with knowledge of the discrimination; and/or

    (b)    constructing and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to the blind; and/or

    (c)    failing to take actions to correct these access barriers in the face of substantial harm and discrimination to the blind.

35.     Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff)

36.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

37.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

38.     Defendant operates a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," and "service establishments").

39.     Defendant is subject to Title III of the ADA because it owns and operates the Website.

40.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

41.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages,

or accommodation, which is equal to the opportunities afforded to other individuals.

42.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

43.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

44.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their websites accessible, including but not limited to ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

45.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind have been denied full and equal access to the Website, have not been provided services that are

provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

46.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

47.     As such, Defendant discriminates, and will continue in the future to discriminate against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities of the Website and NATIONAL ASSOCIATION OF SOCIAL WORKERS in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and/or its implementing regulations.

48.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

49.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

50.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

51.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
(Declaratory Relief)

(on behalf of Plaintiff)

52.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

53.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the goods, services and

facilities of the Website and by extension the NATIONAL ASSOCIATION OF SOCIAL WORKERS, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*

54.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

55.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

56.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

57.    A declaration that Defendant owns, maintains, and/or operates the Website in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

58.    Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

59.    For pre- and post-judgment interest to the extent permitted by law; and

60.    Such other and further relief as the Court deems just and proper.

DATED: April 25, 2019                          LEE LITIGATION GROUP, PLLC
                                               C.K. Lee (CL 4086)
                                               30 East 39th Street, Second Floor
                                               New York, NY 10016
                                               Tel.: 212-465-1188
                                               Fax: 212-465-1181


                                               By: */s/ C.K. Lee*_____
                                                      C.K. Lee, Esq.